1  **STEVEN D. BAUER**
   Attorney at Law - SBN 50084
2  428 J Street - Suite 350
   Sacramento, California 95814
3  Telephone: (916) 447-8262
   Facsimile:  (916) 447-2988
4  E-mail: baueresq@sbcglobal.net

5  Attorney for Defendant:

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| UNITED STATES OF AMERICA, | ) | Crim. S- 06-0042MJP |
|---|---|---|
| Plaintiff, | ) | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | ) | |
| CHRISTOPHER MAXWELL, | ) | |
| Defendant, | ) | |

## PRELIMINARY MATTERS

This sentencing memorandum presents two consistent sentencing considerations for the court. First, the defendant's intent at the time of the commission of the offense and second a request that the court factor into its sentence the aberrant nature of the defendant's behavior. Until earlier this week the latter request would have taken the form of a motion of downward departure; however the Ninth Circuit holding in *Mohamed* makes such a motion inappropriate.

## DISCUSSION

there is no doubt that the defendant in this matter had the intent to create the "Bot" and to launch it, but there is no evidence that he had any intent to cause the specific harm which occurred as a result. This distinction in intents is not a defense to the crime but it is an important component of the defendant's character for purposes of 18 USC § 3553(a).

In fact everything we know about the defendant tells us that if he had any inclination of what was taking place he would have acted to stop it. An examination of the defendant's exact intent is necessary to understand the nature and character of the defendant in formulating a reasonable sentence.

Through this memorandum we are asking the court to consider the aberrant nature of this conduct. Until the defendant became involved with his co-conspirators and committed this offense he had led a completely law abiding life. In fact he went above what would be just law abiding by being a young man who had done well in school, continued on to college with a well defined career path, was active in his church and worked full-time. Much can be learned about he defendant's character by close examination of the many letter so support which have been written on his behalf.

A consideration of the defendant's aberrant behavior is not precluded by the terms of USSG § 5K2.20 as the guidelines are no longer binding on the court and only advisory. Further, the 2003 restriction of the application of an aberrant behavior departure was a result of an act of Congress (The Protect Act) and not the Sentencing Commission. Post *Booker* the Commission's view of the guideline is even more important.

A final component of 18 USC § 3553(a) which needs to be addressed is that of disparate sentence. The court must consider the sentence imposed on co-defendants similarly situated. While not technically co-defendants in this case there were two co-conspirators who ere identically situated except they were minors and the government apparently determined not to put forth the extra effort to make them true co-defendants. What sentences these two individual's will receive remains a mystery. I was provided names and numbers for their attorneys however when I called asking only their view of the probable sentence the believed their respective client would receive one refused to tell me based on attorney client privilege and the other refused to return my call. I inquired of the attorney who did speak to me if te was declining to provide this information based on some official request. He somehow believed that this too was subject to the attorney-client privilege.

From the inception of this case it has appeared that the government wants a poster boy for this offense and has selected Mr. Maxwell to receive that privilege. To single out one individual to receive more significant punishment in the vague hope of "sending a message" is neither reasonable nor an appropriate dispensation of justice.

In view of the defendant' complete lack of a criminal past, his exemplary life style, his strong base of support and the zero likelihood of recidivism a prison sentence is unjustified. A reasonable sentence would be one of probation, a period of home confinement and a substantial amount of unpaid community service. Toward that end the defendant has contact a hospital in his community as an appropriate recipient of any community service.

Dated: August 20, 2006

                                                Respectfully submitted,

                                                / s / Steven D. Bauer

                                                Steven D. Bauer
                                                Attorney for Defendant

I