Judge Marsha Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　Plaintiff, )<br>　v. )<br>CHRISTOPHER MAXWELL, )<br>　　　　　Defendant. )<br>_____ ) | NO. CR06-42MJP<br><br>GOVERNMENT'S SUPPLEMENTAL<br>SENTENCING MEMORANDUM |

## I. Introduction

On August 25, 2006, the Court imposed sentence in this case, which sentence included a term of imprisonment of 37 months, three years supervised release, and restitution in the amount of $252,000.00 ($114,000.00 to Northwest Hospital, and $138,000.00 to the Department of Defense). The Court requested additional briefing by the parties regarding restitution to a third identified victim, the Colton Unified School District, in Colton, California. The United States hereby provides that briefing and, for the reasons set forth below, renews its request that the Court order restitution in the amount of $50,000.00 be paid to the Colton Unified School District.

## II. Argument

With enactment of the "Mandatory Victims Restitution Act of 1996", Congress made restitution a mandatory part of a criminal sentence for the offenses specified

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

therein. The MVRA is codified at Title 18, United States Code, Section 3663A. The offenses to which it applies include "offenses against property under [Title 18]". 18 U.S.C. § 3663A(c)(1)(A)(ii). The offenses of which Christopher Maxwell was convicted included Conspiracy (18 U.S.C. § 371), and Intentionally Causing and Attempting to Cause Damage to a Protected Computer (18 U.S.C. §§ 1030(a)(5)(A)(i), 1030(a)(5)(B)(i), 1030(a)(5)(B)(ii), 1030(b), and 1030(c)(4)(A)). These were offenses "against property" under Title 18.

A victim's right to restitution is additionally recognized in the Crime Victims' Rights Act, codified at Title 18, United States Code, Section 3771.[1]

As part of a Plea Agreement signed and entered on May 4, 2006, Christopher Maxwell acknowledged and agreed to pay specific restitution amounts to the two victims who, as of that date, had been definitively identified as victims of Maxwell's hacking crimes, had computed what they believed to be their loss amount, and who had agreed to be publically recognized as "victims" of Maxwell's crimes. (Plea Agreement, at paragraph 7.) That agreement, in the government's view and understanding, eliminated the need to present further evidence to the Court to establish that either Northwest Hospital or the Department of Defense had, in fact, suffered damage, or the extent thereof, consequent to Maxwell's criminal conduct.

The Plea Agreement did not include language that limited Maxwell's restitution responsibility to those two victims, only. Rather, it simply resolved that a restitution obligation did exist with respect to those two specific victims, and the amount of the same. In the government's view and understanding, it did not preclude any other victims who might wish to come forward and assert a right to restitution from doing so. Indeed, the government knows of no authority for the proposition that it could nullify a victim's statutory right to pursue restitution, by way of a plea agreement.

---

[1] See: § 3771(a)(6).

SUPP. SENTMEMO/Maxwell, Christopher, CR06-42MJP
Page 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

As FBI Special Agent Farquhar testified during the sentencing hearing, the "live capture" of botnet traffic for a two week period in February of 2005 produced evidence that Maxwell's botnet had compromised countless thousands of computers and systems, world-wide. Agent Farquhar attempted to contact some of the victims he was then able to identify, as time then allowed. Not every victim that Agent Farquhar took the time to identify and contact was cooperative or responsive. This unwillingness to respond or cooperate, or to be publically identified as a victim, is not unusual in "hacking" cases. More often than not, organizational victims do not wish to be publically identified as the victim of a hacking crime.

One of the potential victims SA Farquhar could identify was the Colton, California Unified School District. At that time, Mr. Gary Stine was the head of the Information Technology unit for the district. SA Farquhar contacted the Colton District, and Mr. Stine was very receptive to, and appreciative of the information provided. As Mr. Stine testified at the sentencing hearing, the Colton School District had experienced widespread and devastating damage from Maxwell's botnet. As he described it at the hearing, the botnet infection effectively "brought the district to its knees."

In June of 2005, Mr. Stine sent an email communication to the FBI[2], thanking the agency for the assistance the FBI had provided, and recounting some of the damages suffered by the school district. (Attachment A.) Mr. Stine thereafter left his position with the Colton School District, however, and subsequent attempts by the FBI to make contact with the district's information technology group did not meet with the same responsiveness. The desire (and willingness) of the Colton Unified School District to be publically acknowledged as a victim of Maxwell's crimes, and to make a request for restitution, was not established until August of 2006, as signified by letters

---

[2]The email was not sent to SA Farquhar, but rather to Agent Thom Vo, of the FBI Los Angeles Field Office.

SUPP. SENTMEMO/Maxwell, Christopher, CR06-42MJP
Page 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

of Superintendent Byas of the District, and the Chief Deputy Counsel of the County Counsel for San Bernardino County.[3] (Attachments B and C).

Once it was established that the Colton Unified School District did wish to be publically identified as a victim and did wish to pursue restitution, the government believed it was obliged to assist the school district in presenting that information and evidence to the Court, consistent with the terms of Title 18, U.S.C. § 3771(c)(1)[4]. And because the defendant had not previously agreed that the Colton School District was a victim of his crimes, nor agreed to a restitution amount payable to this victim, a ruling from the Court was sought, as to whether a preponderance of evidence did exist to find that the Colton School District was "directly and proximately harmed" by, (and therefore was a cognizable victim of) Maxwell's charged criminal conduct, and if so, the extent of the damage and restitution to which the district was entitled.

Based on the testimony and exhibits introduced at the hearing by SA Farquhar, as well as the testimony of Mr. Stine, the government respectfully submits that the requisite showings were made, and that restitution should therefore properly be ordered paid to the Colton Unified School District, in the amount, at minimum, of $50,000.00. The government believes, further, that if the Court makes these findings, a restitution order is mandatory under 18 U.S.C. § 3663A(a)(1), and (f)(1)(A).

---

[3]The MVRA also guarantees a victim the right to "opt out" of a claim for restitution, at subsection (g)(1) of § 3663A: "No victim shall be required to participate in any phase of a restitution order." For that reason, and to protect the privacy of crime victims, the United States does not assist a victim in pursuing restitution unless it is the desire of the victim to do so.

[4]See: e.g., United States v. Serawop, 303 F. Supp.2d 1259 (D.Utah 2004), at 1267, ("*The Government is Obligated to Assist Crime Victims Obtain Restitution*"); reversed and remanded on other grounds, United States v. Bedonie, 413 F.3d 1126 (10th Cir. 2005).

### III. Conclusion

On the grounds and for the reasons set forth above, the United States urges the Court to issue an Amended Judgment that includes an order that Christopher Maxwell pay restitution, in the amount of $50,000.00, to the Colton California Unified School District.

Dated this 22nd day of September, 2006.

Respectfully Submitted,

JOHN McKAY
United States Attorney

s/ KATHRYN A. WARMA
KATHRYN A. WARMA
Assistant United States Attorney
Washington Bar No. 12872
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: (206) 553-8786
Facsimile: (206) 553-2502
E-Mail: Kathryn.Warma@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the defendants. I hereby certify that I have served the attorneys of record for the defendants that are non CM/ECF participants via telefax.

    s/ BEVERLY HARTZELL
Beverly Hartzell
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: 206.553.5127
FAX:   206.553.2502
E-mail: Beverly.Hartzell@usdoj.gov

CERTIFICATE OF SERVICE
Page 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970