UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                Plaintiff,

v.

CHRISTOPHER MAXWELL,

                Defendant.

No. CR 06-42MJP

ORDER AMENDING JUDGMENT

**Introduction**

This matter comes before the Court on the Government's Supplemental Sentencing Memorandum. (Dkt. No. 23). Having reviewed the parties' briefing, as well as all pertinent documents, the Court GRANTS the Government's request that the Court amend the judgment and ORDERS additional restitution in the amount of $50,000 to be paid to the Colton Joint Unified School District.

**Background**

On May 4, 2006, Christopher Maxwell pleaded guilty to charges of Conspiracy and Intentionally Causing and Attempting to Cause Damage to a Protected Computer. (Dkt. No. 12). The plea agreement specified two victims and $252,000.00 in restitution. (Dkt. No. 12). The "Restitution" section of the plea agreement states:

> Defendant shall make restitution to Northwest Hospital in the amount of one hundred fourteen thousand dollars ($114,000.00), and to the United States Department of Defense in the amount of one hundred thirty-eight thousand dollars

ORDER - 1

($138,000.00), with credit for any amounts already paid. Said amounts shall be due and payable immediately and shall be paid in accordance with a schedule of payments as set by the United States Probation Office and ordered by the Court.

In its Sentencing Memorandum, the Government identified a third victim — the Colton Joint Unified School District ("the District") — and requested that the Court order restitution to reimburse the District for its losses. (Dkt. No. 16). On August 25, 2006, the Court sentenced Mr. Maxwell to a prison term of 37 months, three years supervised release, and ordered Mr. Maxwell to pay restitution in the amount of $252,000.000 ($114,000.00 to Northwest Hospital and $138,000.00 to the Department of Defense). (Dkt. No. 22). The Court requested additional briefing by the parties regarding restitution to the District.

**Discussion**

The issue here is whether the Government, after signing a plea agreement with the Defendant identifying two victims and a certain amount of restitution, may seek additional restitution for an additional victim at sentencing. The Government argues that it is entitled under the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A, to pursue the additional restitution. Defendant argues that restitution should not be increased because the Government's failure to identify the District earlier "depriv[ed] the defense of an opportunity to investigate the claim."

If the Court were to look just to the terms of the plea agreement, the Government would be barred from pursuing additional restitution. Plea agreements are contracts and courts hold the government to the literal terms of the agreement. United States v. Camarillo-Tello, 236 F.3d 1024, 1026 (9th Cir. 2001). Ambiguities in the plea agreement are to be construed in favor of the defendant. Id. "In construing an agreement, the court must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty." United States v. De la Fuente, 8 F.3d 1333, 1337 (9th Cir. 1993).

The Government's current position that it may pursue additional restitution for an additional victim is inconsistent with its position in the plea agreement. Under the doctrine of *inclusio unius est exclusio alterius* (the inclusion of one is the exclusion of the other), the list of victims in the plea

ORDER - 2

agreement is a complete list. See United States v. Terrence, 132 F.3d 1291, 1294 (9th Cir. 1997). The Government did not include a clause in the plea agreement that reserved the right to seek additional restitution if it identified additional victims or additional harm after the plea agreement was signed. Defendant therefore reasonably understood the list of victims to be exclusive; that is, Defendant reasonably assumed that no additional restitution would be added to his sentence.

Nevertheless, this issue is not controlled by standard contract analysis. The MVRA requires the Court to order the defendant to make restitution to every victim of the offense: "the court shall order . . . that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). The Act defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2). The Act applies to "offense[s] against property under [Title 18]." 18 U.S.C. § 3663A(c)(1)(ii). The offenses to which Mr. Maxwell pleaded guilty are offenses against property under Title 18.

In addition to the plain language of the Act, its structure counsels in favor of the additional restitution here. Subsection (a)(3) states that the Court "shall also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense." (Emphasis added.) That provision strongly suggests that the terms of the plea agreement can only expand the amount of restitution ordered, not limit the amount required under the Act.

In a similar case, the Seventh Circuit Court of Appeals affirmed a district court's restitution order that included damages relating to individual identity-theft victims whom the defendant had not affirmatively identified in his plea agreement. United States v. Rand, 403 F.3d 489, 495-96 (7th Cir. 2005). The court reasoned that the defendant "could not evade the clear import of the MVRA and leave his victims in the proverbial lurch simply by artful pleading." Id. at 495.

Although it seems unfair to require a defendant to pay a greater amount of restitution than that specifically identified in his plea agreement, it would also be unfair to not compensate a victim willing to step forward and request restitution. Under the express terms of the MVRA, Mr. Maxwell must pay restitution to every "victim" of his offense.

Based on the Government's supplemental sentencing memorandum, the letters submitted on behalf of the District, and the fact that the Defendant has not contested the District's status as a "victim" under the Act, the Court finds that the District is a "victim" of Defendant's offense and that the District suffered $50,000 in damages as a direct result of Defendant's offense.

The Court agrees that the Government's unexplained late disclosure left the Defendant without adequate time to investigate and challenge the amount requested by the District. The defense, however, did not request a continuance of the sentencing or an opportunity to re-open the restitution issue for further evidence.

**Conclusion**

The Court therefore AMENDS its earlier judgment and ORDERS restitution in the amount of $50,000 to the Colton Joint Unified School District. The Government shall prepare an amended judgment and present it to the Court for signature.

The Clerk is directed to send copies of this order to all counsel of record.

Dated this 1st day of November, 2006.

Marsha J. Pechman
United States District Judge